IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Andrew B. Melnick, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>Betfair Interactive, LLC, d/b/a FanDuel Sportsbook,<br><br>    Defendant. | No. 21 CV 1178 |

Memorandum Opinion and Order

On February 26, 2021, Andrew Melnick downloaded defendant's "FanDuel" gaming app, which offers "sportsbook, daily fantasy sports, online casino and online horse race betting products." Compl. at 12. The same day, he deposited $100 into his FanDuel account to allow him to make wagers on the platform. *Id*. at ¶ 18-19. Two days later, Melnick lost over $50 after betting on the outcome of NCAA men's basketball games that were in progress at the time he placed his bets. Believing that his losses were the result of "inaccurate real-time information" displayed on the FanDuel platform concerning game scores relative to the time remaining in games in progress, plaintiff attempted to seek a full refund from FanDuel's customer service department but was unsuccessful. This lawsuit followed.

Plaintiff's twelve-count complaint asserts violations of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505, *et seq.* ("ICFA"), and parallel laws of nine other states.[1] Additionally, plaintiff asserts claims for breach of contract and for unjust enrichment. Defendant moves to dismiss the complaint in its entirety. For the reasons that follow—which are dispositive but not exhaustive of the grounds warranting dismissal—I grant defendant's motion.

I.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At this stage, I accept all factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor, but "legal conclusions and conclusory allegations merely reciting the elements" of plaintiff's claims are not entitled to this presumption of truth. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011), as amended (Jan. 3, 2012).

---

[1] These are New Jersey, West Virginia, Pennsylvania, Iowa, Indiana, Colorado, Virginia, Tennessee, and Michigan.

II.

I begin with plaintiff's breach of contract claim. While all agree that the parties' relationship is governed by a contract, plaintiff does not identify the governing contract or the terms he claims defendant breached.[2] While this is not necessarily fatal to his claim, *see Peerless Network, Inc. v. MCI Commc'n Servs., Inc.*, No. 14 C 7417, 2015 WL 2455128, at *5 (N.D. Ill. May 21, 2015) (observing that courts in this district have been divided on whether a plaintiff must cite specific contract provisions to state a claim for breach of contract), plaintiff must in all events plead sufficient facts to suggest plausibly that a breach of some contractual obligation occurred. *Sumi Cho v. Rosato Perea,* No. 18 C 8117, 2019 WL 4645419, at *10 (N.D. Ill. Sept. 24, 2019).

The complaint alleges that "[p]ursuant to [the parties'] contract, FanDuel agreed to provide truthful, accurate realtime information regarding the live sporting events available for wagering on its platform," and that "it breached that contract when it failed to provide accurate real-time trading information

---

[2] The complaint twice refers to the "Terms of Use" and states that these terms are attached to the complaint, but the complaint filed on the docket includes no attachments, nor are the referenced "Terms of Use" otherwise in the record. At all events, the complaint does not allege that defendant breached the "Terms of Use." Indeed, its only references to the "Terms of Use" allege that plaintiff opted out of the arbitration provisions and class action waiver it contains, and that its forum selection clause should not be enforced. *See* Compl. at ¶¶ 6-7.

on its platform." Compl. at ¶¶ 138-39. Plaintiff's opposition brief points to provisions of the Sportsbook Terms and Conditions ("Sportsbook Terms"), which defendant attaches as an exhibit to its motion,[3] as support for these allegations. Specifically, plaintiff cites pt. A § 10.2 of the Sportsbook Terms for his view that FanDuel "undertook an obligation to use reasonable efforts to provide accurate, real-time information regarding the amount of time remaining in a live sporting event." Resp. at 14.

The cited provision, which appears under the caption "Live Betting and Cash Out," provides, in its entirety:

> Please note that in the case of live betting, you may not at any time be able to see or otherwise be provided with the most up-to-date information in relation to the relevant event, including for example (but without limitation), through delayed coverage, a slow connection or equipment, or other system flaws, faults, errors or service interruption. FanDuel Par-A-Dice Sportsbook shall not be liable for any delay in relaying up-to-date information."

Def.'s Mem., Exh. A pt. A § 10.2. Plaintiff's reliance on this provision as the source of defendant's putative obligation to provide "accurate real-time information" is perplexing, as the provision expressly *disclaims* the very obligation plaintiff reads

---

[3] I may consider this exhibit because the parties agree that it is the agreement governing their relationship and is central to plaintiff's claims. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

4

into it. Indeed, the Sportsbook Terms reiterate this disclaimer elsewhere, providing:

> While reasonable effort is made to ensure the accuracy of live scores and the status of games displayed on the FanDuel Sportsbook Website and the FanDuel Sportsbook Betting Apps in connection with live betting, we accept no liability for the incorrect display of this information.

*Id.*, pt. B § 6.1. Plaintiff articulates no basis for construing these provisions to mean the opposite of what they say on their face, i.e., that defendant makes no promises concerning the accuracy of real-time information displayed in connection with live betting apps, nor does he offer any basis for declining to enforce the plain language of these exculpatory provisions.[4] For at least these reasons, plaintiff has not alleged a viable breach of contract claim.

Plaintiff's claim under the ICFA—the only state statutory claim plaintiff does not abandon in response to defendant's argument that Illinois law exclusively governs this dispute—fares no better. Defendant raises a torrent of compelling arguments for dismissing this claim, but I need not examine them all because one argument suffices to compel dismissal: Plaintiff's ICFA claim is

---

[4] To the extent plaintiff intends his argument that the ICFA "invalidates waivers or disclaimers of liability" as a basis for holding these contractual terms unenforceable, his argument is misguided. These provisions do not purport to disclaim ICFA liability but rather to make plain that the obligations defendant undertakes in the Sportsbook Terms do not guarantee the accuracy of the real-time information provided on its app.

5

"simply a redressed version of [his] breach of contract count," and such claims are not actionable under the statute. *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 836 (2005). Indeed, as the Seventh Circuit explained in *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392 (7th Cir. 2011), "a consumer-fraud claim under the statute requires something more than a garden-variety breach of contract." *Id*. at 399 (citing *Avery*, 835 N.E. 2d at 844).[5]

Plaintiff insists that his statutory claim asserts a distinct theory of liability, arguing that while the contracts claim is rooted in defendant's "*breach of its promise* to use reasonable efforts to provide accurate information regarding the time remaining and scores in live sporting events,"[6] the ICFA claim "is based upon FanDuel's wrongful omission, suppression and/or concealment of known defects in its wagering platform which, in

---

[5] That plaintiff characterizes defendant's failure to provide accurate real-time information as an unfair and deceptive "pattern and practice" does not alter the analysis because the "pattern and practice" alleged is merely the repetition of defendant's putative breach of the parties' contract. In other words, plaintiff does not allege any unfair or deceptive conduct distinct from defendant's alleged breach of its contractual obligation to provide accurate real-time information. *See Greenberger*, 631 F.3d at 400.

[6] As noted above, what the complaint actually alleges is that defendant breached a promise "to provide truthful, accurate real-time information" about live sporting events, not that it breached a promise "to use reasonable efforts" to do so. But even if plaintiff's breach of contract claim were construed as asserting the latter theory, it would fail for at least the reason that the complaint makes no factual allegations concerning defendant's efforts to ensure the accuracy of the information displayed on its app.

turn, intentionally supplies customers with inaccurate information to induce wagering and the associated losses and, the generation of a fee to FanDuel," Resp. at 11 (emphasis in original). But the fraud theory he articulates in his opposition is not one that reasonably emerges from the complaint, which alleges no defect in the wagering platform, much less does it assert any omission, suppression, or concealment of such a defect. Instead, the ICFA claim asserted in the complaint rests on allegations that "FanDuel violated the ICFA by knowingly providing data to its membership regarding the time remaining in the given live sporting event, purportedly real-time based, that was materially false, understated and/or misleading." Compl. at ¶ 51. This claim mirrors plaintiff's claim that defendant breached the parties' contract by failing to provide accurate real-time game information. For at least this reason, plaintiff's ICFA claim is dismissed.

Finally, plaintiff's unjust enrichment claim fails for the simple reason that under Illinois law, "recovery for unjust enrichment is unavailable where the conduct at issue is the subject of an express contract between the plaintiff and defendant." *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 615 (7th Cir. 2013). Although plaintiff observes correctly that unjust enrichment may be pled in the alternative to a breach of contract claim, that principle has no application here, as all agree that the conduct at issue is governed by the Sportsbook Terms.

7

III.

For the foregoing reasons, defendant's motion to dismiss is granted.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: September 23, 2021